UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HARTFORD LIFE INSURANCE COMPANY,         Civil Action No.: 07 CIV 9915

                Plaintiff,

                                                         **AMENDED INTERPLEADER**
      -against-                                     **COMPLAINT**

CARLOS PEREZ-OLIVO, CARLOS PEREZ-HALL,
MERCED PEREZ-HALL AND ALYSIA PEREZ-HALL,

                Defendants.
-----------------------------------------------------------------X

      Plaintiff, HARTFORD LIFE INSURANCE COMPANY ("Hartford"), a life insurance company whose principal place of business is located at 200 Hopmeadow Street, Simsbury, Connecticut, by way of Complaint in Interpleader, alleges:

### THE PARTIES

      1.    Hartford is a life insurance company organized and existing under the laws of the State of Connecticut with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut. Hartford is a citizen of the State of Connecticut and is authorized to conduct business in the State of New York.

      2.    Upon information and belief, Peggy Perez-Olivo (the "Decedent"), prior to and at her death, was a resident and citizen of the State of New York, residing in Westchester County, New York at 1 Old House Lane, Chappaqua, New York 10514.

      3.    Upon information and belief, Decedent's spouse, Defendant Carlos Perez-Olivo, is a resident of the State of New York, residing in Westchester County, New York at 1 Old House Lane, Chappaqua, New York 10514.

4.  Upon information and belief, Decedent's son, Defendant Carlos Perez-Hall, is a resident of the State of New York, residing in Kings County, New York at 491 16th Street, Apt. 2, Brooklyn, New York 11215.

5.  Upon information and belief, Decedent's son, Defendant Merced Perez-Hall, is a resident of the State of New York, residing in Westchester County, New York at 1 Old House Lane, Chappaqua, New York 10514.

6.  Upon information and belief, Decedent's daughter, Defendant Alysia Perez-Hall, is a resident of the State of New York, residing in Westchester County, New York at 1 Old House Lane, Chappaqua, New York 10514.

## JURISDICTION AND VENUE

7.  This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiff-stakeholder and the defendants-claimants, and because Hartford has in its custody an amount in excess of $75,000, which represents the proceeds of two group accidental death and dismemberment policies which are payable by reason of the death of the Decedent.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) since most of the defendants reside in this judicial district and all defendants reside in the State of New York.

## FACTS SUPPORTING INTERPLEADER

9.  The Decedent was insured under Group Accidental Death and Dismemberment Policy No. ADD-010900 ("Policy 900") in the amount of $317,000. Defendant Carlos Perez-Olivo is the designated beneficiary under Policy 900 for said insurance coverage.

10. Policy 900 provides under the heading "Payment of Claims":

We will pay any benefit due for loss of your life: a) according to the beneficiary designation in effect under the Policy at the time of your death; otherwise b) to the survivors, in equal shares, in the first of the following classes to have a survivor at your death: 1) spouse, 2) children, 3) parents, 4) brothers and sisters. If there is no survivor in these classes, payment will be made to your estate.

11. The Decedent was insured as a dependent under Group Accidental Death and Dismemberment Policy No. ADD-9961 ("Policy 961") in the amount of $150,000. Defendant Carlos Perez-Olivo is the designated beneficiary under Policy 961 for said insurance coverage.

12. Policy 961 provides under the heading "Payment of Claims":

We will pay any benefit due for loss of your life: a) according to the beneficiary designation in effect under the Policy at the time of your death; otherwise b) to the survivors, in equal shares, in the first of the following classes to have a survivor at your death: 1) spouse, 2) children, 3) parents, 4) brothers and sisters. If there is no survivor in these classes, payment will be made to your estate.

13. The Decedent died on November 19, 2006. The Westchester County Medical Examiner's Office has determined that the Decedent's death was a homicide.

14. On or about December 26, 2006, defendant Carlos Perez-Olivo, as the designated beneficiary of the coverage insuring the Decedent under Policies 900 and 961 (collectively, the "Policies"), submitted a claim to Hartford for the proceeds of the Policies.

15. Upon information and belief, the Decedent's homicide is still being investigated by law enforcement and the designated beneficiary, Carlos Perez-Olivo, has not been ruled out as a suspect.

16. Should the designated beneficiary, Carlos Perez-Olivo, be convicted of intentional homicide, he could not recover the proceeds of the Policies and Decedent's children,

Defendants Carlos Perez-Hall, Merced Perez-Hall and Alysia Perez-Hall, would be paid the proceeds of the Policies, in equal shares, according to the terms of the Policies.

17. Hartford claims no title to, or interest in, the proceeds payable under the Policies, and is ready and willing to pay the proceeds of the Policies to the person or persons entitled to them, but Hartford is unable to make that determination without exposing itself to the potential for double or multiple liability.

18. Hartford is ready, willing, and hereby offers to deposit the proceeds of the Policies in the total amount of $467,000, together with accrued interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

**WHEREFORE**, Hartford requests that the Court enter judgment:

A. Directing Hartford to pay the proceeds of the Policies in the amount of $467,000, together with accrued interest, if any, into this Court;

B. Directing Defendants to interplead their rights to such sum;

C. Restraining Defendants, and each of them, from instituting any action against Hartford to recover such sum;

D. Discharging Hartford from all liability to Defendants arising out of the matters herein set forth upon payment of the proceeds of the Policies in the amount of $467,000, with accrued interest, if any, into this Court;

E. Awarding Hartford its costs, disbursements and attorney's fees;

F. For such other and further relief as this Court deems proper.

Dated: Uniondale, New York
       November 26, 2007

RIVKINRADLER LLP
Attorneys for Plaintiff
Hartford Life Insurance Company

By: ___*Norman Tolle*___
Norman L. Tolle (NT – 5081)
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3242

2097487 v1

Index No. CIV 9915     Year 07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARTFORD LIFE INSURANCE COMPANY,

                                          Plaintiff(s),

-against-

CARLOS PEREZ-OLIVO, CARLOS PEREZ-OLIVO, JR., MERCED PEREZ-OLIVO AND ALYSIA PEREZ-OLIVO,

                                          Defendant(s).

## AMENDED INTERPLEADER COMPLAINT

*Attorneys for*   **RIVKIN RADLER LLP**
Plaintiff
926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 005920-07017

To:

*Attorney(s) for*

*Service of a copy of the within*          *is hereby admitted.*

*Dated:*

                                *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY  that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on      20

☐ NOTICE OF SETTLEMENT  that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at
on      20    , at      M.

*Dated:*

                                     **RIVKIN RADLER LLP**
                         *Attorneys for*

                          926 RECKSON PLAZA
                       UNIONDALE, NEW YORK 11556-0926

To:

Check Applicable Box